UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER FONTAINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:24-cv-563 |
| | ) |
| P1 DDS HOLDCO, PC, and | ) |
| KELLY JASTREMSKI, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Comes now the Plaintiff, Jennifer Fontaine ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendants, P1 DDS Holdco, PC ("P1") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA") and Kelly Jastremski ("Jastremski") for the torts of assault and battery and intentional infliction of emotional distress.

## PARTIES

2. Plaintiff has resided within the Northern District of Indiana at all relevant times.

3. Defendant is a domestic professional corporation. Defendant's headquarters or located in Indianapolis, Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 626(c).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims as the claims are so related to Plaintiff's federal claims that they form part of the same case and controversy.

6. Plaintiff is an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(f).

7. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

8. Plaintiff satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Plaintiff. She now timely files her lawsuit.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

10. Plaintiff is a 52 year-old, female dentist. P1P hired Plaintiff on or about December 18, 2020 when it acquired her dental practice.

11. Defendant Jastremski is P1's president and CEO. He is also a dentist.

12. At all times relevant, Plaintiff met or exceeded P1's legitimate performance expectations.

13. On or about February 24, 2023, Jastremski (male), sexually battered Plaintiff when he shoved his hand down the back of Plaintiff's pants, touching her buttocks. Plaintiff removed Jastremski's hand and told him to stop. Despite Plaintiff's protestations, Jastremski repeated his sexual battery by, once again, shoving his hand down the back of Plaintiff's pants.

14. Jastremski's actions were intentional, extreme, outrageous and offensive. Plaintiff suffered damages as a result.

15. That same night, February 24, 2023, Plaintiff reported Jastremski's actions to Patrick Malloy, P1's Chief Development Officer, and John Gregorie, P1's COO. DJ Lipke, a Principal with Prairie Capital, was standing with Mr. Malloy when Plaintiff informed him. However, P1 took no corrective action.

16. Following Plaintiff's report of sexual battery, P1 created a hostile work environment and began retaliating against Plaintiff in ways meant to reduce her income. For example, Associate Dentists within Plaintiff's office were allowed to refer treatment for existing patients to other outside offices that were within Plaintiff's scope and abilities. Plaintiff complained to P1's executive team that referrals that were in the scope of Plaintiff's abilities were being sent to other offices by Dr. Sarah Lopez (Plaintiff's partner), which negatively impacted Plaintiff's income. P1 took no corrective action.

17. Additionally, some Associate Dentists are paid guaranteed salaries and/or are commission-based in contrast to Plaintiff, whose salary is based on 30% of collections. P1's Associate Dentists are substantially younger than Plaintiff.

18. The pay structure for P1'a Associate Dentists encourages delay, slacking, and slow work product.

19. Plaintiff complained to P1's human resources that she is losing clients due to wait times caused by an Associate Dentist's philosophy on cell phone use and general lackadaisical attitude toward work. In fact, the Associate Dentist made schedule and procedural changes outside of the scope of her authority and when Plaintiff wanted to redirect her, P1 refused. P1 took no corrective action and, further, prevented Plaintiff from taking corrective action.

20. P1.s refusal to take corrective action has directly caused Plaintiff to lose income. P1 treats younger dentist more favorably by guaranteeing wages regardless of performance.

21.     P1's actions have violated Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. Plaintiff has suffered and continues to suffer damages because of Defendants' unlawful actions.

## COUNT I

## TITLE VII – SEX HARASSMENT

22.     Plaintiff hereby incorporates paragraphs 1-21 of her Complaint.

23.     P1 created a sexually hostile work environment and failed and/or refused to remedy the hostile work environment after Plaintiff complained.

24.     Defendant took adverse employment actions against Plaintiff because of her sex.

25.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by Title VII.

## COUNT II
## TITLE VII – RETALIATION

26.     Plaintiff hereby incorporates paragraphs 1-25 of her Complaint.

27.     Plaintiff engaged in statutorily protected activities.

28.     P1 took adverse employment actions against Plaintiff because of her statutorily protected conduct.

29.     P1's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT III - VIOLATION OF THE ADEA.

30.     Plaintiff hereby incorporates paragraphs 1-29 of her Complaint.

31.     P1 intentionally and willfully discriminated against Plaintiff because of her age

32. Similarly situated younger employees have been treated more favorably than Plaintiff in the terms, conditions, and privileges of their employment.

33. P1's discriminatory practices have caused Plaintiff to suffer damages.

## COUNT IV – ASSAULT AND BATTERY

34. Plaintiff hereby incorporates paragraphs 1-33 of her Complaint.

35. Jastremski intended to cause a harmful or offensive contact with Plaintiff.

36. Jastremski intended offensive contact resulted in harmful contact with Plaintiff.

37. Plaintiff suffered and continues to suffer damages as a result of Jastremski's conduct.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff hereby incorporates paragraphs 1-37 of her Complaint.

39. Jastremski intentionally and/or recklessly engaged in extreme and outrageous conduct.

40. Jastremski's extreme and outrageous conduct resulted in Plaintiff's severe emotional distress.

41. Jastremski's actions damaged and continues to damage Plaintiff.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Jennifer Fontaine, respectfully requests that this Court

find for her and order that:

1.   P1 pay lost wages and benefits to Plaintiff;

2.   Defendants pay compensatory  and punitive damages to Plaintiff;

3.   P1 pay liquidated damages to Plaintiff

4.   Defendants pay pre- and post-judgment interest to Plaintiff;

5.   P1 pays Plaintiff's attorneys' fees and costs incurred in this action; and

6.   Any and all other legal and/or equitable damages that this Court

determines just and proper to grant.

Respectfully submitted,

John H. Haskin
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cmwilliams@jhaskinlaw.com

**DEMAND FOR JURY TRIAL**

Plaintiff, Jennifer Fontaine, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cmwilliams@jhaskinlaw.com